## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
FRANK PORTER,                           )
            Plaintiff,                  )
                                        )          **C.A. No. 12-11176-TSH**
                                        )
        v.                              )
                                        )
                                        )
J. GRONDOLSKY, Warden, et al.,          )
            Defendants.                 )
_____)

## MEMORANDUM AND ORDER
### January 25, 2013

**WOLF, D.J.**

On June 27, 2012, Frank Porter, Jr., who is incarcerated at FMC Devens, filed a pro se

complaint in which he alleges that prison officials at FMC Devens and at FCI Terre Haute

violated his civil rights.  Porter later filed motions to proceed *in forma pauperis* and for

appointment of counsel.  For the reasons stated below, the Court is granting the motion for leave

to proceed *in forma pauperis* and directing Porter to file an amended complaint.  The court is

also denying without prejudice the motion for appointment of counsel.

## I.      BACKGROUND

Porter brings this action against FMC Devens Warden Jeffrey Grondolsky, FMC Devens

Unit Managers C. Hutton, and H. Gallant, FMC Devens nurse J. Frye, and FCI Terre Haute

Warden J. Oliver.  The plaintiff alleges that all of the defendants violated his rights under the

First, Fourth, Fifth, Six and Eighth amendments of the United States Constitution and the Civil

Rights Act of 1964 and "Massachusetts law that protect the elderly that is [sic] over 65."  Compl.

at 2.  The complaint contains few specific factual allegations.  In the body of the complaint, he

presents two "grounds" for his claim:

> Ground 1.  The plaintiff 1th 4th and 5th amendment constitutional was violated
> and the 1964 Civil Right Act.  Dealing with discrimination/attorney Mark Richey
> sent me some confidential mail.  M. Argir ordered M. Elliott to take two stamped
> envlopes out of my legal mail that was addressed to the Court.  Ground 2.  See the
> attached affidavit and exhibit (A) as proof of the 5th and 8th amendment
> violations.  You will also see how the unit team added 5. points to the plaintiff
> custody level all in violation of due process/defendant Frye J. changed to lower
> bunk past.

Id. (as in original).  Attached to the complaint are several exhibits which provide some factual

allegations underlying the legal conclusions in the body of the complaint.

## II.   DISCUSSION

### A.   Motion for Leave to Proceed *In Forma Pauperis*

Upon review of the motion for leave to proceed *in forma pauperis*, the Court concludes

that Porter has demonstrated that he is without income or assets to pay the $350.00 filing fee.

Therefore, the motion is being allowed.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses

an initial partial filing fee of $5.48.  The remainder of the fee, $344.52, shall be collected in

accordance with 28 U.S.C. § 1915(b)(2).

### B.   Screening of the Complaint

#### 1.   Court's Authority to Screen the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summons

do not issue until the Court reviews the complaint and determines that it satisfies the substantive

requirements of 28 U.S.C. § 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, prisoner

complaints in civil actions that seek redress from a governmental entity or officers or employees

of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize

federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious,

fail to state a claim on which relief may be granted, or seek monetary relief against a defendant

who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In

conducting this review, the Court liberally construes the complaint because the plaintiff is

proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### 2.    Pleading Requirements of Fed. R. Civ. P. 8(a)

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2),

include a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests."  *Calvi v. Knox County*, 470

F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*,

367 F.3d 61, 66 (1st Cir.  2004)).  This means that the statement of the claim must "at least set

forth minimal facts as to who did what to whom, when, where, and why."  *Id.* (quoting

*Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal

requirements are not tantamount to nonexistent requirements."  *Id.* (quoting *Gooley v. Mobil Oil

Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels

and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court is not

"bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Further, "only a complaint that states a *plausible*

claim for relief" states a claim upon which relief may be granted.  *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1950 (2009) (emphasis added).  "Where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct," the complaint does not show that "the

pleader is entitled to relief." *Id.* (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Porter's complaint fails to state a claim for relief because he has not met the pleading

requirements of Fed. R. Civ. P. 8(a). While the complaint and the exhibits contain allegations of

discrimination, retaliation, and other forms of misconduct, these are legal conclusions that the

Court is not required to credit in the absence of minimal factual allegations as to who did what to

whom, when, and where. Many of the exhibits indicate that Porter has complained about certain

conditions of confinement at FMC Devens and FCI Terre Haute, but they do not identify the

persons  involved or their individual conduct.[1]

### 3.    *Bivens* Claims and Personal Involvement of Litigant

Porter states that he is bringing claims for violations of his constitutional rights.  The

Court construes these claims as arising under *Bivens v. Six Unknown Named Agents*, 403 U.S.

388 (1971), in which the Supreme Court held that a litigant may "vindicate certain

constitutionally protected rights through a private cause of action for damages against federal

officials in their individual capacities." *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008).  "A

claimant who seeks relief under *Bivens* must prove the violation of a constitutional right by a

federal agent acting under color of federal law." *Id.*  *Bivens* liability may only be premised

solely on the defendant's direct involvement in the alleged deprivation of constitutional

rights–"respondeat superior is not a viable theory of *Bivens* liability." *Ruiz Rivera v. Riley*, 209

F.3 24, 28 (1st Cir. 2000).  Here, as noted above, the complaint does not clearly identify the

alleged misconduct of each defendant.  Without allegations of personal involvement by a

---

[1]For example, while the Court finds Porter's allegations about being denied the use of a lower bunk to be troubling, he has not adequately alleged the specifics of any individual defendant's involvement in that situation.

defendant in the allegedly unconstitutional conduct, the plaintiff has not set forth any *Bivens*

claims.

### 4.        Challenge to Classification

To the extent that Porter is challenging a change in his classification, he has failed to

state a claim for relief.  The Court assumes that Porter is invoking his due process rights, which

is generally the basis of an inmate's challenge to his custody status.  The Due Process Clause of

the Fifth Amendment "protects persons against deprivations of life, liberty, or property; and

those who seek to invoke its procedural protection must establish that one of these interests is at

stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).[2]  An inmate does not, however, have a

liberty interest in avoiding a particular condition of confinement unless the condition "imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life."  *Id.* at 222-23 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Porter's allegations

that his classification was so that prison officials could transfer him to a higher security facility

do not, on their face, allow the Court to reasonably infer that he was subject to an atypical and

significant hardship.

### C.        Filing of an Amended Complaint

Instead of dismissing this action, the Court will give the plaintiff an opportunity to file an

amended complaint.  If the plaintiff would like to pursue this action, he must file an amended

complaint that cures the above-discussed pleading deficiencies.  As an amended complaint

---

[2]*Wilkinson* concerned the Fourteenth Amendment's Due Process Clause because the plaintiff was a state prisoner.  Because Porter is a federal prisoner, his due process rights rise under the Fifth Amendment.  The due process analysis under Fifth and Fourteenth amendments are essentially identical.  *See United States v. Neto*, 659 F.3d 194, 201 n.7 (1st Cir. 2011).

completely supercedes the original complaint, *see Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (1st Cir. 2007), the plaintiff should repeat in the amended complaint any allegations in the original complaint underlying the claims in the amended complaint.  While the complaint may include exhibits, the body of the complaint should clearly set forth all relevant allegations.

In addition to the pleading requirements of Fed. R. Civ. P. 8(a), the amended complaint should comply with other provisions of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).  The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).[3]  Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

### D.      Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel

---

[3]While the form complaint that the plaintiff used for his original complaint is acceptable, the plaintiff may find that it is easier to set forth his claims without using a standardized form.

will result in fundamental unfairness impinging on the party's due process rights.  *See DesRosiers*, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.  Because the plaintiff has not adequately presented his claim, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.  The plaintiff may renew his motion if and when summonses issue and the complaint is served.

## III.   CONCLUSION

Accordingly, it is hereby ORDERED that:

(1)     The motion for leave to proceed *in forma pauperis* (Docket No. 4) is ALLOWED.

(2)     Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $5.48.  The remainder of the fee, $344.52, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The clerk shall send a copy of this order of the institution having custody of the plaintiff.

(3)     If the plaintiff wishes to proceed with this action, he must, within 42 days, file an amended complaint in accordance with the discussion above.  Failure to comply with this directive will result in dismissal of the action without prejudice.

(4)     The motion for appointment of counsel (Docket No. 5) is DENIED WITHOUT PREJUDICE.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE